IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02537-PAB-MEH

JUSTIN LENTZ,

      Plaintiff,

v.

AMICA MUTUAL INSURANCE COMPANY,

      Defendant.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Pending before the Court are Defendant's Motion to Determine Whether Disputed Documents are Subject to the Terms of the Protective Order [filed May 13, 2013; docket #38] ("Motion for Determination"), Plaintiff's Motion to Strike Defendant's Motion to Determine Whether Disputed Documents are Subject to the Terms of the Protective Order [filed May 13, 2013; docket #40] ("Motion to Strike"), and Defendant's Motion for Extension of Time to File Defendant's Motion to Determine Whether Disputed Documents are Subject to the Terms of the Protective Order and Request that the Disputed Information Be Treated as Confidential Until the Matters at Issue are Resolved [filed May 13, 2013; docket #44] ("Motion for Extension").  The Motion to Strike is fully briefed; however, because all three Motions pertain to the same dispute, the briefing is adequate to apprise the Court of the parties' respective positions.  Based on these arguments, the Court determines that a hearing would not materially facilitate the adjudication of the Motions.  For the reasons that follow, Plaintiff's Motion is **GRANTED** and Defendant's Motions are **DENIED**.

## I.   Background

Plaintiff initiated this action in Boulder County District Court on August 31, 2012, seeking a declaratory judgment requiring arbitration under Colorado law.  The underlying dispute involves an under-insured motorist claim asserted by Plaintiff against Defendant. Defendant removed the action to federal court on September 24, 2012, pursuant to 28 U.S.C. § 1332.

On April 11, 2013, the parties filed a stipulated motion for protective order.  (Docket #26.) The Court granted the motion on April 12, 2013, and entered the proposed Protective Order in its entirety.  (Dockets ##31, 32.)  Pursuant to paragraph 7 of the Protective Order agreed to by the parties and entered by the Court,

> A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

(Docket #31 at 3-4.)  Notably, the Protective Order contains no provision for extending the deadline by either agreement of the parties or Court order.

In accordance with the procedure set forth in the Protective Order, Plaintiff objected to the confidential designation of approximately 77 categories of documents in a letter dated April 26, 2013. (Docket #38-1.)  Defendant responded to the objection with its own letter on May 6, 2013, asking Plaintiff to withdraw the objection, or to advise otherwise by May 7, 2013.  (Docket #38-2.)

Without any further communication on the topic, Defendant filed a motion with the Court on May 10, 2013.  (Docket #36.)  Though entered in the docket as a "Motion for Order to Determine Whether Disputed Documents Are Subject to Terms of the Protective Order," the document itself contained only an Entry of Appearance on behalf of Kristin A. Allan.  (*Id*.)  While Defendant's counsel received a notice of the electronic filing on May 10, 2013, she did not review the actual document to determine whether it had been correctly filed.  (Docket #43, 2.) Defendant's counsel did not seek to correct the error until May 13, 2013, when she received notice from the Clerk's Office advising her of the erroneous filing.  (*Id*. at 2-3.)

On May 13, 2013, counsel filed the pending Motion for Determination.  The Motion for Determination represents that counsel for Defendant conferred with Plaintiff's counsel by letter dated May 6, 2013, and by email on May 9, 2013.  However, as Defendant's counsel later concedes, the May 9, 2013 email pertains only to Judge Brimmer's page limitations regarding summary judgment motions.  (*See* dockets ##31-1, 43 at 2 n.1.)

Plaintiff moved to strike the Motion for Determination almost immediately upon filing. Pointing to the Protective Order, the Motion to Strike notes that Defendant was required to file "an appropriate motion" seeking a resolution of the dispute within ten (10) business days of receiving Plaintiff's written notice.  Because Defendant failed to file "an appropriate motion" within this time frame, Plaintiff argues that documents have already lost their confidential designation.  Thus, Plaintiff asks the Court to strike the Motion for Determination as untimely.

Concurrent with its response to the Motion to Strike, Defendant submitted its Motion for Extension seeking to extend the deadline set forth in the Protective Order by an additional day. Defendant cites "excusable neglect" as the reason for the untimely filings.  In particular, Defendant's counsel blames her assistant for filing the Entry of Appearance instead of a motion for

determination. (Docket #43 at 2.)

In his reply in support the Motion to Strike, Plaintiff maintains that the Court should not credit this error as excusable neglect because Defendant had ample time within which to file an appropriate motion. Plaintiff directs the Court back to the plain language of the Protective Order, which states that the documents shall lose their confidential status unless an appropriate motion is timely filed.

## II.   Discussion

At the outset, the Court is concerned that Plaintiff's Motion for Determination is not in compliance with D.C. Colo. LCivR 7.1A or the terms of the Protective Order. D.C. Colo. LCivR 7.1A provides that the Court "will not consider *any motion*, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel. " D.C. Colo. LCivR 7.1A (emphasis added). Because Rule 7.1A requires meaningful negotiations by the parties, the rule is not satisfied by one party sending the other party a single email, letter or voicemail. *See Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003). As noted above, Defendant submitted single letter to Plaintiff asking Plaintiff to withdraw its objections. This does not, in the Court's view, constitute a good-faith effort to confer under D.C. Colo. LCivR 7.1A.

Though the Court would typically deny such a motion without prejudice, there are, as Plaintiff notes, other problems with the Motion for Determination. As the Protective Order makes clear, the Motion for Determination should have been filed no later than May 10, 2013. The Court recognizes that "a clerical error" occurred; however, that does not relieve the obligation of Defendant's counsel to review all documents filed in her case to ensure they are correct. Morever, the Protective Order agreed to by the parties does not contain a provision permitting the Court to

extend the deadline either *sua sponte* or on motion by the parties. Nor does it provide that confidential designation shall persist in the event that an untimely motion is filed. Rather, the Protective Order states simply that "If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order." (Docket #43 at 2.) Based on the plain language of the Protective Order and Defendant's failure to file a proper motion *even* on May 13, 2013, the Court agrees with Plaintiff that the Motion for Determination should be stricken as untimely.

## III.   Conclusion

For the reasons stated above, Defendant's Motion to Determine Whether Disputed Documents are Subject to the Terms of the Protective Order [filed May 13, 2013; docket #38] is **DENIED**, Plaintiff's Motion to Strike Defendant's Motion to Determine Whether Disputed Documents are Subject to the Terms of the Protective Order [filed May 13, 2013; docket #40] is **GRANTED**, and Defendant's Motion for Extension of Time to File Defendant's Motion to Determine Whether Disputed Documents are Subject to the Terms of the Protective Order and Request that the Disputed Information Be Treated as Confidential Until the Matters at Issue are Resolved [filed May 13, 2013; docket #44] is **DENIED**.

Dated at Denver, Colorado, this 16th day of May, 2013.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge

5