IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-02537-PAB-MEH

JUSTIN LENTZ,

      Plaintiff,

v.

AMICA MUTUAL INSURANCE COMPANY,

      Defendant.

---

**ORDER**

---

This matter is before the Court on the Motion to Remand [Docket No. 6] filed by plaintiff Justin Lentz.  In the motion, plaintiff requests that the Court remand the case for lack of subject matter jurisdiction.

This case arises out of an insurance dispute between plaintiff and defendant Amica Mutual Insurance Company.  On July 17, 2010, plaintiff was injured in an automobile collision with an underinsured driver.  Docket No. 4 at 1, ¶ 3.  On July 16, 2012, plaintiff sent defendant a letter asking that defendant evaluate plaintiff's underinsured motorist ("UIM") claim pursuant to his auto insurance policy with defendant.  *Id*. at 1-2, ¶ 5-6; *see also* Docket No. 1-5.  In a July 27, 2012 letter to plaintiff, defendant stated that "we are willing to arbitrate this matter in the event we are not able to resolve this claim."  Docket No. 1-1 at 4.  At some point after July 16, 2012, defendant made an advance payment of $80,000 to plaintiff on plaintiff's UIM claim.  Docket No. 8 at 4.  On August 29, 2012, defendant notified plaintiff that it was no longer

willing to arbitrate, and, as a result, on August 31, 2012, plaintiff filed a complaint in the

District Court for Boulder County, Colorado.  Docket No. 4.  In the complaint, plaintiff

requests nonmonetary relief in the form of a declaratory judgment that defendant must

arbitrate plaintiff's insurance coverage dispute.  Docket No. 4 at 2, ¶¶ 9-10.  Plaintiff

alleges that he does not seek money damages and only requests that the Court appoint

an arbitrator to determine the value of his insurance claim.  *Id*.  On September 4, 2012,

plaintiff served defendant with the complaint.  Docket No. 1 at 1, ¶ 1.  On September

24, 2012, defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1332,

1446.[1]

In the notice of removal, defendant alleges that the amount in controversy

exceeds the $75,000 jurisdictional threshold.  In support, defendant states that: (a)

plaintiff's insurance policy has a single per accident limit of $500,000, Docket No. 1-4;

(b) plaintiff's medical bills resulting from the accident exceed $127,755.61, Docket No. 1

at 5, ¶ 18; (c) plaintiff made a settlement demand on July 16, 2012 requesting that

defendant pay the full $500,000 available under the insurance policy, *id*. at 5-6, ¶ 22;

and (d) plaintiff's Civil Case Cover Sheet certifies that the amount in controversy

exceeds $100,000.  Docket No. 1-6 at 2.

In his motion for remand, plaintiff argues that defendant does not sufficiently

allege that the amount in controversy exceeds $75,000.  Docket No. 6 at 2.  Plaintiff

points out that he seeks no damages whatsoever in this lawsuit, but rather requests

only a declaratory judgment compelling defendant to arbitrate the UIM claim.  *Id*. at 2.

---

[1]It is undisputed that there is diversity of citizenship.  *See* Docket No. 21 at 1,
¶ 2.

Additionally, plaintiff argues that the supposed settlement demand in the July 16, 2012 letter, Docket No. 1-5, was not a settlement demand, but rather a request that defendant evaluate the UIM benefits claim.  Docket No. 6 at 2.  Finally, plaintiff argues that, because his July 16, 2012 letter predates the defendant's payment of $80,000 for UIM benefits, the letter cannot establish the amount currently in controversy.  *Id*. at 2.

Subject matter jurisdiction under 28 U.S.C. § 1332(a) requires, in addition to diversity of citizenship, an amount in controversy in excess of "$75,000, exclusive of interest and costs."  The amount in controversy is ordinarily determined by the allegations in the complaint or, where they are not dispositive, by the allegations in the notice of removal.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).  In 2012, Congress enacted the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), Pub. L. No. 112-63, § 103(b), 125 Stat 758, which amended the procedural requirements for removals based on diversity of citizenship. Under the JVCA, "the sum demanded in good faith [by plaintiff] in the initial pleading" is deemed to be the amount in controversy, subject to certain exceptions.  28 U.S.C. § 1446(c)(2); *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1247 n. 3 (10th Cir. 2012).  One such exception is that, if the initial pleading seeks "nonmonetary relief," the notice of removal may assert the amount in controversy and removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1446(c)(2)(A)(i) and (B).  Thus, because plaintiff's complaint here seeks nonmonetary relief in the form of an order compelling arbitration, defendant may establish the amount in controversy based on the information in its notice of removal.  28 U.S.C. §§ 1446(c)(2)(A)(i) and (B).

When, as here, "the plaintiff's damages are unspecified, courts generally require that a defendant establish the jurisdictional amount by a preponderance of the evidence." *Martin*, 251 F.3d at 1290.  The Tenth Circuit has held that:

> Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal.  Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed.

*McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)).

In cases seeking declaratory relief, the amount in controversy is usually "measured by the value of the object of the litigation."  *See Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).  In such cases, the Tenth Circuit follows the "either viewpoint rule," under which the amount in controversy is determined by "either the value to the plaintiff or the cost to defendant of injunctive and declaratory relief."  *Id*. Similarly, in cases where a party seeks to compel arbitration, the amount in controversy requirement is evaluated by looking "through to the possible award resulting from the desired arbitration."  *Woodmen of the World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1217 (10th Cir. 2003) (citation omitted).

In this case, the "object of the litigation" is the amount of UIM benefits plaintiff can be awarded under the policy through arbitration.  *See Lovell*, 466 F.3d at 897. Because the complaint in this case does not request a sum certain for damages, the Court looks to the notice of removal to determine that amount.  In the notice of removal,

defendant attaches plaintiff's July 16, 2012 letter and notes that, fifteen days before

plaintiff filed this case, he claimed that he was entitled to the $500,000 available under

the terms of the insurance policy.  *See* Docket No. 1-5 at 19.  In addition, defendant

claims that plaintiff sought reimbursement for over $127,755.61 in medical bills as well

as damages for his lifetime loss of earning potential.  *Id*. at 16.  Although defendant

admits it has already tendered $80,000 to plaintiff in partial satisfaction of the UIM

benefits claim, Docket No. 8 at 4, plaintiff may still recover an award of $420,000, the

remaining benefits under the UIM policy.  *See McPhail*, 529 F.3d at 956 (finding that a

plaintiff's proposed settlement amount "is relevant evidence of the amount in

controversy if it appears to reflect a reasonable estimate of the plaintiff's claim")

(citation omitted).

As the Tenth Circuit noted in *McPhail*, defendant need only "affirmatively

establish jurisdiction by proving jurisdictional *facts* that ma[k]e it *possible* that $75,000

[is] in play" at the time of removal.  529 F.3d at 956 (emphasis in original).  Here,

defendant has shown that, based on the amount available under the insurance policy

as well as plaintiff's request for medical bills and loss of earning potential, it was

possible for plaintiff to recover an arbitration award in excess of $75,000 at the time of

removal.  *See* Docket No. 6 at 4 ("The stakes in the litigation filed by Plaintiff were to

simply and solely have a Court determine whether Amica had committed to arbitrate the

remaining disputed portion of [plaintiff's] underinsured claim"); Docket No. 1-5 at 16

(noting that, in addition to the $127,755.61, Mr. Lentz is undergoing further treatment

and his medical "expenses should be considered to be ongoing in nature").  Plaintiff has

not shown to a "legal certainty" that he will not recover this sum. *McPhail*, 529 F.3d at

953. In addition, plaintiff has not rebutted evidence showing that he believes defendant

"has no right or ability to withhold any monies that it evaluates Mr. Lentz's underinsured

claim [and that] . . .[i]n the alternative, AMICA can issue the check for the full

$500,000.00 and be done with this underinsured claim completely (in terms of the

automobile insurance policy)." Docket No. 1-5 at 19. Thus, although the letter from

plaintiff's counsel is not a "settlement demand," it is still relevant because it provides an

indication of plaintiff's own estimation of his claim. *McPhail*, 529 F.3d at 956.

Furthermore, even though the Civil Cover Sheet is not sufficient on its own to support

jurisdiction, it is probative evidence regarding the amount in controversy when

combined with plaintiff's requested damages for lifetime loss of earning potential and

medical bills. *See Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1215 (D.

Colo. 2007) (concluding that reliance "solely on the Civil Cover Sheet as a

demonstration of the amount in controversy is not permissible"). Accordingly, the court

will deny plaintiff's motion for remand.[2]

Therefore, it is

---

[2]On February 22, 2013, plaintiff filed an amended complaint. Docket No. 21. In response, defendant filed a motion for leave to file a sur-reply alleging that the amended complaint establishes that the Court has subject matter jurisdiction over this case. Docket No. 23-1 at 2-5. The Court need not decide whether the amended complaint relates back to plaintiff's original complaint because the Court finds that it had subject matter jurisdiction over this case at the time of removal. *See Standard Fire Ins. Co. v. Knowles*, --- U.S. ----, 133 S.Ct. 1345, 1349 (2013) (noting that, for purposes of removal, a court's inquiry is limited to examining the case as of the time it was filed in state court).

**ORDERED** that Plaintiff's Motion to Remand [Docket No. 6] is **DENIED**.  It is further

**ORDERED** that Defendant's Motion for Leave to File Sur-Reply to Plaintiff's Motion to Remand [Docket No. 23] is **GRANTED**.

DATED August 26, 2013.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge